AZARIAH H. QUINBY *vs.* J. W. DUNCAN, special bail of BENJAMIN M. HYATT.

Distinction between " citizen" and " inhabitant," in reference to execution process against the body.

The writ of *ca. sa.* cannot be issued against a citizen of the State, without an affidavit of fraud.

A man is deemed a citizen of his native State until he is shown to have changed, not merely his residence, but his citizenship.

This was a suit by scire facias, on the part of A. H. Quinby against J. W. Duncan, as special bail of Benj. M. Hyatt. The defendant became bail for Hyatt, in the original suit of Quinby *vs.* Hyatt, on the 8th of May, 1843; and bound himself by recognizance, that Hyatt, his principal, should satisfy any judgment that might be obtained against him in that action, or render his body in execution whenever lawfully called on, or that he would do it for him. The suit against Hyatt proceeded to judgment; and, on the 17th of April, 1844, a *ca. sa.* was issued with a view of fixing the bail; which was returned "non est inventus;" whereupon this suit was brought.

The defence to the action was, that by the act of assembly of 1841, a *ca. sa.* is prohibited from issuing against any " citizen" of

the State, without a previous affidavit of fraud ; that Hyatt was a citizen of the State, and no such affidavit had been made. The question, therefore, was whether B. M. Hyatt was, at the time this writ of ca. sa. issued, a citizen of the State, under the protection of the act of 1841.

B. M. Hyatt was a native born citizen of this State, and a resident citizen at the time special bail was entered in 1843 ; he left the State in the month of August or September of that year, since when he had not been heard of.

Upon this proof the defendant asked the court to charge that the right of citizenship in this State having been established, it continued until it was shown by the other side that the party had acquired a citizenship elsewhere.

*The Court* said, a man is to be regarded as a citizen of his native State, until it can be shown that he has changed this relation by leaving animo manendi, or by acquiring a citizenship elsewhere. (3 *Story Com.* 564, 674.) And this is to be not merely by a change of habitancy or residence, but by a change of citizenship.

It has been contended that the act of assembly of 1841, which prohibits the issuing a ca. sa. against any " citizen " of the State, is to be construed in connection with the act of 1785, which uses the term " inhabitant;" and that, taken together, the restriction intended by the legislature to be imposed on issuing process to take the body, was designed to apply to resident citizens or inhabitants; and that the word citizen, used in the act of 1841, is to be taken in this sense.

It is true, these laws are on the same subject, but they are distinct enactments, applying in terms to different persons, the former to inhabitants, the latter to citizens; and there is nothing from which we can collect that the legislature meant the same thing by both. On the contrary, by the use of different terms, not having the same meaning, we are to suppose they meant different things. A man may be a citizen, without being an inhabitant, of the State; as a man may be an inhabitant, without being a citizen. This is not only an obvious distinction, but one which the constitution itself makes; as in the qualification of voters it requires both citizenship and residence.

We charge the jury, therefore, that if Benjamin M. Hyatt, was a citizen of the State at the issuing of this ca. sa., the writ was illegal and void; and the return made to it does not fix the liability of his special bail, the defendant in this action; and, on the question of citizenship, it being proved that he was a citizen prior to the issuing of that writ, it is incumbent on the plaintiff to show a loss of citizenship

by proof not merely of a change of residence, but of such a change as makes him a citizen of some other State, and deprives him of the rights of citizenship here.

The plaintiff then suffered a nonsuit.

*Johnson* and *Wales,* for plaintiff.

*Whitely, Bayard* and *Bradford,* for defendant.